# Exhibit 2

Case 3:21-cv-00054-FDW-DSC   Document 7-2   Filed 02/17/21   Page 1 of 6

**JAMS ARBITRATION
STREAMLINED ARBITRATION RULES & PROCEDURES**

Case No. _____

Carolina Client Services, LLC

    Claimant,

and

Daniel Rufty Legal, PLLC d/b/a

Carolina Legal Services

    Respondent.

**CAROLINA CLIENT SERVICES, LLC's
DEMAND FOR ARBITRATION AND STATEMENT OF CLAIM**

Claimant Carolina Client Services, LLC ("CCS" or "Claimant") files this demand for arbitration against Respondent Daniel Rufty Legal, PLLC d/b/a Carolina Legal Services ("Carolina Legal" or "Respondent") (collectively "Parties"), and states as follows:

1. This is a breach of contract case wherein Carolina Legal has taken action to withhold payments to which CCS is entitled under a written Service Agreement, as amended (the "Service Agreement"). Carolina Legal is a law firm that offers legal advice and associated services in a variety of consumer debt-related areas. The Parties entered into an agreement in April 2018 for CCS to provide marketing, administrative and other non-legal ancillary services in support of Carolina Legal and its efforts to resolve credit card debt for individual clients. In exchange for these services, Carolina Legal agrees to compensate CCS consistent with a fee schedule detailed in the Service Agreement. CCS has provided these services consistent with its obligations under the Service Agreement – and continues to do so to this date. Nevertheless, Carolina Legal has

taken action to halt payments to which CCS is entitled. CCS brings this action to obtain the payments it is owed and to require Carolina Legal to continue to remit payment to CCS consistent with the terms of the Service Agreement.

2. Claimant CCS provides services to law firms and has its principal office at 711 Third Avenue, 6th Floor, New York, New York 10017.

3. Respondent Carolina Legal is a law firm, with its principal office at 3440 Toringdon Way, Ste. 205, Charlotte, North Carolina, 28277.

4. Jurisdiction and venue are proper pursuant to the Service Agreement, which provides for expedited Judicial Arbitration and Mediation Service rules with actual arbitration completed *in less than a month*. *See* 2018 Service Agreement, **Exhibit 1**, at Section 2(g).

5. In April 2018, Carolina Legal entered into a Service Agreement with CCS that required CCS to provide specific non-legal (but law-related) support services for Carolina Legal and its clients, under the direct supervision of Carolina Legal.[1] In return, Carolina Legal was and is required to pay CCS consistent with a fee schedule established by the Service Agreement.

6. To effectuate payment, Carolina Legal was and is required to use a payment processor to distribute fees owed to CCS. The payment processor began remitting payment to CCS in May 2018 but is no longer making payments to CCS.

7. Carolina Legal may not withhold payments from CCS unless one of two limited exceptions arise as set forth in the Service Agreement. The first exception occurs if the Service Agreement is terminated for cause or based on a party's legal inability to comply with the Service Agreement. The second exception may occur if Carolina Legal seeks to withhold funds owed to CCS in order for indemnification or contribution by CCS of specific claims or demands brought

---

[1] The Parties subsequently entered into an Amendment to the Service Agreement in 2019. *See* **Exhibit 2**.

against Carolina Legal *after* CCS and the payment processor have received a copy of the claim and demand for payment.

8. On information and belief, on or about November 13, 2020, Carolina Legal directed the payment processor to withholds fees owed to CCS under the Service Agreement. Carolina Legal did not communicate its intent to withhold payment to CCS before doing so.

9. In a video conference on December 2, 2020, CCS spoke with an attorney from Carolina Legal who confirmed that (a) Carolina Legal had instructed the payment processor to withhold payment of fees; (b) Carolina Legal had not, as of December 2, 2020 provided CCS notice of breach of its obligations as described in the Service Agreement; and (c) Carolina Legal continues to operate and continues to provide legal services to clients requiring services of the type contemplated in the Service Agreement.

## CLAIMS

10. The claims being made by CCS, which sound in contract and equity, can be summarized as follows:

## FIRST CAUSE OF ACTION

### Breach of Contract

11. CCS incorporates paragraphs 1 to 10 of its demand as though set forth fully herein.

12. CCS performed all, or substantially all, of its obligations under the Service Agreement and has continued to do so.

13. Carolina Legal breached the Service Agreement by withholding fees that CCS was entitled to under the terms of the Service Agreement, despite a lack of notice of CCS's breach of its obligations and despite Carolina Legal continuing to operate and provide legal services to its clients, within the scope of the services contracted to be provided by CCS under the Service Agreement.

3

14. Claimant was harmed as a direct and proximate result of Carolina Legal's breach of the Service Agreement.

15. Carolina Legal's breach was a substantial factor in causing CCS's harm.

## SECOND CAUSE OF ACTION

### Breach of the Covenant of Good Faith and Fair Dealing

16. CCS incorporates paragraph 1 to 15 of its demand as though set forth fully herein.

17. CCS performed the obligations required of it under the Service Agreement, except to the extent such performance may have been excused by the actions of the Respondent or by operations of law.

18. Carolina Legal unfairly interfered with CCS's right to receive the benefits of the Service Agreement as set forth above by withholding fees owed to CCS.

19. As a direct and proximate result of Carolina Legal's breaches of the implied covenant of good faith and fair dealing, CCS has sustained damage.

## THIRD CAUSE OF ACTION

### Declaratory Relief Arising from Respondent's Actions

20. CCS incorporates paragraphs 1 to 19 of its demand as though set forth fully herein.

21. Carolina Legal's actions demonstrate there is an actual controversy between the parties relating to their respective legal rights and duties arising under the Service Agreement.

22. CCS desires a judicial determination regarding the parties' respective rights and duties under the Service Agreement.

**RELIEF REQUESTED**

23. CCS respectfully requests the following relief:

(a) A declaration requiring Carolina Legal (i) to instruct its payment processor prohibiting to cease unlawfully withholding payments from CCS and (ii) from taking action to freeze the assets that CCS is entitled to under the terms of the Service Agreement;

(b) Compensatory, consequential, and incidental damages arising from Respondent's actions;

(c) Prejudgment and post-judgment interest at the maximum legal rate, as applicable;

(d) Costs of bringing this demand including reasonable attorneys' fees, costs, and expenses incurred to the maximum extent allowable by law and consistent with the Amendment to the Service Agreement; and

(e) Such other and further relief as the Arbitrator deems just, equitable or appropriate.

Respectfully submitted this the 3rd day of December, 2020.

>   */s/ Jason D. Evans*
>   Jason D. Evans, Esq.
>   301 S. College St., 34th Floor
>   Charlotte, NC 28202
>   Phone: 704-918-1502
>   Email: jason.evans@troutman.com
>
>   Christopher W. Carlson, Jr.
>   TROUTMAN PEPPER HAMILTON SANDERS LLP
>   1001 Haxall Point, Post Office Box 1122
>   Richmond, Virginia 23219
>   Telephone: (804) 697-1224
>   Email: chris.carlson@troutman.com
>   *Counsel for Carolina Client Services, LLC*