# Exhibit 4

JUDICIAL ARBITRATION AND MEDIATION SERVICES

JAMS Ref. No. 1440007153

Carolina Client Services, LLC

    Claimant,

v.

Daniel Rufty Legal, PLLC d/b/a Carolina Legal Services,

    Respondent.

## CAROLINA CLIENT SERVICES, LLC's RESPONSE TO DANIEL RUFTY LEGAL, PLLC'S MOTION TO DISMISS

Claimant Carolina Client Services, LLC ("CCS") submits this response to the Motion to Dismiss filed by Daniel Rufty Legal, PLLC d/b/a Carolina Legal Services ("Carolina Legal") (collectively, the "Parties") and states that CCS appropriately filed this matter before JAMS instead of the American Arbitration Association (AAA).

## INTRODUCTION

JAMS is the appropriate forum for this matter, and Carolina Legal is incorrect that this dispute should be decided before AAA. Section 2(g) of the Parties' Service Agreement as amended, specifically provides that "expedited Judicial Arbitration and Mediation Services [JAMS] rules shall apply." CCS believes Carolina Legal has improperly withheld service fees owed to CCS. This is the subject of CCS's arbitration demand because Carolina Legal has withheld these fees since mid-November, 2020.

# BACKGROUND

In April 2018, Carolina Legal entered into a Service Agreement with CCS that required CCS to provide specific services for Carolina Legal and its clients, under the direct supervision of Carolina Legal. *See* **Exhibit 1**, at Section 2(b). In accordance with a per-client fee schedule established by the Service Agreement, CCS is paid fees for its services. *See id.* The Service Agreement provides two separate arbitration provisions:

First, **Section 9(f)** of the Service Agreement provides a *general arbitration* requirement wherein the parties can seek relief before AAA, while explaining that a "limited expedited right of arbitration" exists:

> Arbitration. Each signatory hereto hereby agrees that in the event of any dispute arising out of or by reason of this Agreement or the Services rendered or contemplated hereunder, . . . such dispute shall be resolved by confidential binding arbitration before [the] American Arbitration Association ("AAA"),. . . *Notwithstanding the foregoing, as set forth elsewhere in this Agreement, there is a limited expedited right of arbitration.*

*Id.*, at Section 9(f) (emphasis added).

Second, the above-referenced "limited expedited right of arbitration" is contained in **Section 2(g)** of the Service Agreement and is triggered "instead of the provisions set forth in Section 9(f)" when CCS "believes" Carolina Legal is improperly withholding fees – the substantive issue of CCS's arbitration demand:

> In the event that [Carolina Legal] diverts funds from [CCS] as permitted under this Agreement, and [CCS] believes that [Carolina Legal] is not entitled to the full amount that is being withheld from it and [CCS] exercises its dispute resolution rights under Section 9(f), *then the expedited Judicial Arbitration and Mediation Service rules shall apply* **instead of the provisions set forth in Section 9(f)**, *with the notice of arbitration and actual arbitration being completed in less than a month.*

Emphasis added.

In 2019, CCS and Carolina Legal entered into an Amendment to the Service Agreement ("Amendment").  **Paragraph 12** of the Amendment provides:

> Arbitration. *Each Party hereby agrees that in the event of any dispute **arising out of or by reason of this Amendment,** regardless of the facts or legal theories which may be involved, such dispute shall be resolved by confidential binding arbitration in Atlanta, Georgia before the American Arbitration Association . . .*

*See* **Exhibit 2**, at Paragraph 12 (emphasis added).  Paragraph 8 of the Amendment declares:

> No Other Changes. ***All terms and provisions of the Original Agreement, as modified by this Amendment, will remain in full force and effect. Except as set forth above, the terms and provisions of the Original Agreement shall remain unchanged and unmodified***. In the event of any conflict between the terms of the Original Agreement and the terms set forth in this Amendment, the terms set forth in this Amendment shall prevail.

*Id.* (emphasis added).

On December 3, 2020, CCS filed an Arbitration Demand asserting that Carolina Legal is improperly withholding fees to which CCS is entitled under the Service Agreement.  *See* Demand for Arbitration and Statement of Claim, ¶¶ 1, 7-9 ("Demand for Arbitration").  On December 9, 2020, JAMS issued a Commencement Letter that "confirm[ed] that the requirements for commencement have been met."  *See* JAMS Comprehensive Arbitration Rules & Procedures, Rule 5(a).  The next day, Carolina Legal filed a Motion to Dismiss arguing that AAA, rather than JAMS, is the correct arbitration forum for this dispute.

## APPLICABLE LAW

Questions of arbitrability are within the Arbitrator's authority to decide because JAMS Rule 11 states in relevant part, that "[t]he Arbitrator has the authority to determine jurisdiction and arbitrability issues as a preliminary matter" and because Carolina Legal seeks dismissal "pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure" because "**[Section]**

3

**9(f)** of Exhibit 1 and **[P]aragraph 12** of Exhibit 2 of the Demand for Arbitration and Statement of Claim require the agreement is *only to be arbitrated before the American Arbitration Association*." (Emphasis added.)

**ARGUMENT**

I. **In the Instant Controversy, Section 2(g) of the Service Agreement Mandates Arbitration Through Expedited JAMS.**

While correct that **Paragraph 9(f)** of the Service Agreement and **Paragraph 12** of the Amendment provide for arbitration before AAA, Carolina Legal's conclusion that AAA is the "only arbitration" forum overlooks Section 2(g) of the Service Agreement. **Section 2(g)** mandates that *if* CCS believes that Carolina Legal has improperly withheld fees owed to CCS, "*then* the expedited Judicial Arbitration and Mediation Service rules shall apply *instead of the provisions set forth in Section 9(f)* . . ." **Exhibit 1**, at Section 2(g) (emphasis added). Whether Carolina Legal improperly withheld fees[1] owed to CCS is the subject matter of CCS's arbitration demand. *See* Demand for Arbitration, ¶¶ 1, 7-9.

II. **The Arbitration Provision in the Amendment Does Not Conflict with Section 2(g) of the Service Agreement.**

The general arbitration clause in the Amendment does not disturb the mandate for expedited JAMS arbitration as established by Section 2(g) of the Service Agreement for two reasons.

First, the arbitration clause set forth in Paragraph 12 of the Amendment is limited in application to "any dispute arising out of or by reason of this Amendment." **Exhibit 2**, at Paragraph 12; *see also id.* ("Each Party hereby agrees that any dispute *regarding the*

---

[1] On December 2, 2020, Carolina Legal confirmed that it had instructed the payment processor to withhold payment of fees from CCS. *See* Demand for Arbitration, ¶9(a).

4

Case 3:21-cv-00054-FDW-DSC   Document 7-4   Filed 02/17/21   Page 5 of 8

*arbitrability of this Amendment…*") (emphasis added). Reviewing the language of the Amendment, nowhere does the defined-term, "Amendment," encompass the Amendment *and* previous Service Agreement, but rather "Amendment" and "Original Agreement" are defined and used separately throughout.[2] Therefore, the arbitration clause in Paragraph 12 does not apply to disputes arising from the Service Agreement, specifically Section 2(g) which relates to Carolina Legal improperly withholding fees owed to CCS for services rendered.

Second, even if the Arbitrator concludes that the term, "Amendment," applies more broadly, Paragraph 8 of the Amendment, titled "No Other Changes" confirms that "[e]except as set forth above [in the Amendment], the terms and provisions of the Original Agreement *shall remain unchanged and unmodified*" unless the terms conflict. *See* **Exhibit 2**, at Paragraph 8. To broadly determine that the arbitration clause of Paragraph 12 of the Amendment swallows not only the Service Agreement's *general arbitration provision* in Section 9(f), but also the *specific expedited JAMS arbitration* mandated for disputes arising under Section 2(g) is improper. Such a reading would disregard "the fundamental rule of contract construction that the courts construe an ambiguous contract in a manner that gives effect to all of its provisions, if the court is reasonably able to do so. *Contract provisions should not be construed as conflicting unless no other reasonable interpretation is possible*."[3] Importantly, the

---

[2] *Compare id.* at Preamble ("This Amendment to Service Agreement (this "Amendment") is made and entered into as of August 1, 2019" by and between [the parties]."); *with id.* at Whereas Clause ("Whereas, reference is hereby made to that certain Service Agreement by and between [parties] (the "Original Agreement")). *See e.g. id.* at Paragraph 8 ("All terms and provisions of the **Original Agreement**, as modified by this **Amendment**, will remain in full force and effect.") (emphasis added).

[3] *Gay v. Saber Healthcare Group, L.L.C.*, 842 S.E.2d 635, 640 (N.C.App. 2020) (quoting *Johnston Cty. v. R.N. Rouse & Co.*, 331 N.C. 88, 94, 414 S.E.2d 30, 34 (1992) (emphasis added, internal quotation marks, alterations, and citations omitted); *see also In re South Side House, LLC* 470 B.R. 659 (E.D.N.Y. 2012) ("General canons of contract construction require that where two seemingly conflicting contract provisions reasonably can be reconciled, a court is required to do so and give both effect.")

Amendment did not delete Section 2(g) despite striking other provisions of the Service Agreement based on resulting inconsistencies arising from the Amendment.[4]

### III. The Facts Demonstrate Why CCS Negotiated for Expedited JAMS Procedures

It has already been more than a month since Carolina Legal began withholding the fees CCS was entitled to under the Service Agreement. To date, Carolina Legal has withheld approximately $532,000 due to CCS for services rendered. And this amount will only continue to increase. It was for this very reason that CCS negotiated the terms of the Service Agreement to mitigate this potential harm through mandating that "expedited [JAMS] rules shall apply instead of the provisions set forth in [the general arbitration provision in] Section 9(f), *with the notice of arbitration and actual arbitration being completed in less than a month*." **Exhibit 1**, at Section 2(g) (emphasis added).

To allow Carolina Legal's misreading of the Service Agreement allows the firm to continue withholding fees from CCS, restarts the clock after filing a new demand in AAA, and subjects the Parties to a slower timetable to remedy Carolina Legal's violation of the Service Agreement. CCS cannot acquiesce to such a delay tactic.

---

[4] *See e.g.* **Exhibit 2**, at Paragraph 1 ("Section 1(g) of the Original Amendment is hereby amended by deleting the last sentence thereof"); *id.* at Paragraph 4 ("Section 4(b) of the Original Agreement is hereby deleted in its entirety."); and *id.* at Paragraph 6 ("Section 5(a) of the Original Agreement is hereby amended by (a) deleting the phrase "and for one (1) year thereafter" and replacing the same with the phrase "in accordance with the provisions of Section 4", and (b) deleting the second sentence thereof.")

6

**CONCLUSION**

For the above reasons, CCS requests that the Arbitrator deny Carolina Legal's Motion to Dismiss and expeditiously[5] convene this matter toward an appropriate resolution.

/s/ Jason D. Evans
Jason D. Evans
TROUTMAN PEPPER HAMILTON SANDERS LLP
301 S. College Street, 34th Floor
Charlotte, NC 28202
Telephone: (704) 918-1502
Email: jason.evans@troutman.com

Christopher W. Carlson, Jr.
TROUTMAN PEPPER HAMILTON SANDERS LLP
1001 Haxall Point
Post Office Box 1122
Richmond, VA 23219
Telephone: (804) 697-1224
Email: chris.carlson@troutman.com
*Counsel for Carolina Client Services, LLC*

---

[5] While the Service Agreement provides that JAMS arbitration be completely in "less than a month" from CCS's December 3, 2020 notice of arbitration to Carolina Legal, (**Exhibit 1**, at Section 2(g)), CCS understands that such a schedule may be impractiable due to the holidays. CCS defers to the Arbitrator regarding the appropriate arbitration schedule that balances expediency without neglecting due process concerns.